# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

_____

**BUILDING TRADES UNITED PENSION TRUST FUND
AND SCOTT REDMAN (in his capacity as Trustee),**

**INDUSTRY ADVANCEMENT PROGRAM/CONTRACT
ADMINISTRATION FUND,**

         **Plaintiffs,**

        **v.**                          **Case No.  16-cv-1259**

**ORION HARDWOOD FLOORS, INC.**

         **Defendant.**

_____

### COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1.      Jurisdiction of this Court upon Orion Hardwood Floors, Inc. (hereinafter referred to as "Orion Hardwood") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of a collective bargaining agreement, trust plans and trust agreements, and said Defendant's continued refusal to abide by the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and

provisions of the employee benefit plans, and the common law of the State of Wisconsin.

2.      Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e) (2)) in that Plaintiff Building Trades United Pension Trust Fund is administered in Waukesha County, Wisconsin.

<u>**Parties**</u>

3.      Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of §§ 3(1), (2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan.  Said plan maintains offices at 500 Elm Grove Road, Elm Grove, WI 53122.

4.      Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  Scott Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5.      Plaintiff Industry Advancement Program/Contract Administration Fund ("IAP/CA Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)).  It brings this action on behalf of the Trustees, participants, and beneficiaries of said organization and maintains offices at P.O. Box 507, Brookfield, Wisconsin 53008.

6.      Defendant Orion Hardwood is a domestic corporation, with principal offices located at W286S4973 Woods Road, Waukesha, WI 53189.  Its registered agent for service of process is Bret Kobiske, W286S4973 Woods Road, Waukesha, WI 53189.

## Facts

7.      Orion Hardwood is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5),(11),(12) and (14) (29 U.S.C. §§ 1002(5),(11),(12) and (14)).

8.      For all times relevant, Orion Hardwood was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Chicago Regional Council of Carpenters Union (the "Union").

9.      The Labor Agreements described herein contain provisions whereby Orion Hardwood agreed to make timely payments to the Plaintiff's trust funds for each employee covered by said Labor Agreements.

10.     By execution of said Labor Agreements, Orion Hardwood adopted the trust agreements and amendments thereof which establish and govern the Plaintiff and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

11.     By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations

heretofore and hereafter adopted by the trustees of said trust funds, Orion Hardwood has agreed as follows:

a.      to file monthly reports and make timely and prompt contributions to the Funds for each employee covered by the aforementioned Labor Agreements;

b.      to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

c.      to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

d.      to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

e.      to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

f.      to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

12.      Orion Hardwood has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

-4-

a.    failing to make continuing and prompt payments to the Funds as required by the Labor Agreements and trust agreements for all of Orion Hardwood's covered employees; and

b.    failing to accurately report employee work status to the Plaintiffs.

13.    ERISA § 502(g) (2), as amended by the MPPAA provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of --

(i)    interest on the unpaid contributions, or

(ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14.    ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

-5-

15.     Despite demands that Orion Hardwood perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has wholly failed, neglected, omitted and refused to allow access to the Fund's auditor to determine whether Defendant has made its required payments.  Orion Hardwood is now indebted to the Plaintiff as follows:

**Audit Period October 1, 2013 through September 30, 2015:**
Building Trades United Pension Trust Fund                                     $2,514.63
IAP/CA Fund                                                                                      19.79

**Unaudited Period October 1, 2015 to the Present:**
Building Trades United Pension Trust Fund                                     Unknown
IAP/CA Fund                                                                               Unknown

### Claim One Against Defendant Orion Hardwood Floors, Inc.
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)

16.     As and for a first claim for relief against Orion Hardwood, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17.     For purposes of this claim (Claim One), the Building Trades United Pension Trust Fund is hereinafter referred to as the "Pension Fund."

18.     Due demand has been made by the Pension Fund upon Orion Hardwood for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

19.     Because, as the Pension Fund is informed and believes, Orion Hardwood has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Pension Fund's trust funds is reduced, the Pension Fund's income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is

-6-

curtailed. Consequently, ERISA and the Pension Fund's employee benefit plans have been violated, and the Pension Fund is entitled to all of the remedies provided by ERISA.

20.     Because Orion Hardwood has failed to make timely and prompt contributions, some of the Pension Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Pension Fund demands the following relief:

1.     Judgment on behalf of the Pension Fund and against Orion Hardwood as follows:

A.     For $2,514.63 representing contributions, interest and liquidated damages due the Pension Trust Fund for the audit period October 1, 2013 through September 30, 2015;

B.     For unpaid contributions, interest and liquidated damages owed to the Pension Fund for the period October 1, 2015 through the date this action was commenced;

C.     For contributions, interest and liquidated damages owed to the Pension Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

D.     Actual attorney fees and the costs of this action.

2.     For such other, further or different relief as the court deems just and proper.

**Claim Two - Against Defendant American Hardwood Floors, Inc.**
**Violation of LMRA § 301 (29 U.S.C. § 185)**

21.     As and for their second claim for relief against American Hardwood, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 20 above and incorporate the same as though fully set forth herein word for word.

22.     Due demand has been made upon American Hardwood for payment of all contributions, interest and liquidated damages owed to the IAP/CA Fund, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

23.     Because, as the IAP/CA Fund is informed and believes, American Hardwood has not paid timely and prompt contributions, interest and liquidated damages owed to the IAP/CA Fund, the IAP/CA Fund's income is reduced. Consequently, the LMRA has been violated, and the IAP/CA Fund is entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the IAP/CA Fund demands the following relief:

1.     Judgment on behalf of the IAP/CA Fund and against American Hardwood as follows:

   A.     For $19.79, representing contributions, interest and liquidated damages due the IAP/CA Fund for the audit period October 1, 2013 through September 30, 2015;

-8-

B. For unpaid contributions, interest, liquidated damages for the period October 1, 2015 through the date of entry of judgment in this action;

C. For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

D. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the court deems just and proper.

Dated this 20th day of September, 2016.

s/Philip T. Thompson
Philip E. Thompson (SBN: 1099139)
The Previant Law Firm, S.C.
310 W. Wisconsin Avenue
Suite 100MW
Milwaukee, WI 53212
Telephone: 414-223-0409
Fax: 414-271-6308
Email: pet@previant.com

Attorneys for Plaintiffs